GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar #070591
KATHERINE D. RAY, ESQ. CA Bar #121002
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Defendants,
Harry Fred Koelling and Linda Ann Koelling

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>HARRY FRED KOELLING and LINDA ANN KOELLING,<br><br>Debtors. | Case No. 04-46443-LT<br><br>Chapter 7 |
| BURLINGAME CAPITAL PARTNERS II, L.P.,,<br><br>Plaintiff,<br><br>vs.<br><br>HARRY FRED KOELLING and LINDA ANN KOELLING,<br><br>Defendants. | A.P. No. 08-04204<br><br>Date: November 20, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 201<br>1300 Clay Street, 2nd Floor<br>Oakland, CA<br>Judge: Hon. Leslie Tchaikovsky |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PORTIONS OF COMPLAINT**

# TABLE OF CONTENTS

I. RELIEF REQUESTED ................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND .................................................1

III. DISCUSSION ..............................................................................................................2

    A. Allegations Regarding Kids Connection, Inc. Are Irrelevant And Immaterial And Should Be Stricken ....................................................................................................3

        1. Paragraphs 15-17 Relating to Plaintiff's State Court Litigation with Kids Connection Are Irrelevant and Immaterial to Whether the Debtors Should be Denied Their Discharge .........................................4

        2. Paragraph 19 Relating to Kids Connection Payments in 2000 Is Irrelevant and Immaterial to Whether the Debtors Should be Denied Their Discharge .............................................................................4

        3. Paragraphs 25 through 30 Relating to The Kids Connection 2002 Employment Agreement Are Irrelevant and Immaterial to Whether the Debtors Should be Denied Their Discharge ...........................6

    B. Allegations Regarding Qmect Are Irrelevant And Immaterial And Should Be Stricken .........................................................................................................................8

    C. Allegations Regarding Plaintiff's Efforts To Foreclose Against Qmect Stock In 2002 Are Irrelevant And Immaterial And Should Be Stricken ...............................9

    D. Allegations Regarding Qmect's Computer Records In State Court Litigation Are Irrelevant and Immaterial to the Denial of Discharge Claims Pleaded ............9

    E. Allegations Regarding Qmect Post-Petition Operations Are Irrelevant and Immaterial to Whether the Debtors Should be Denied Their Discharge ...............10

IV. CONCLUSION ..........................................................................................................10

LAW OFFICES
GOLDBERG, STINNETT, DAVIS & LINCHEY
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

## FEDERAL CASES

*In re Adeeb*, 787 F.2d 1339 (9th Cir. 1986)..................................................................2, 5, 10

*In re Cox*, 41 F.3d 1294 (9th Cir. 1994) ...................................................................................2

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ........................................................3

*In re Garcia*, 168 B.R. 403 (D. Ariz. 1994)...........................................................................6, 7

*In re Khalil*, 379 B.R. 163 379 B.R. 163 (9th Cir. BAP 2007)..................................................2

*In re Lane*, 302 B.R. 75 (Bkrtcy. Id. 2003)..........................................................................2, 5

*In re Lawler*, 141 B.R. 425 (9th Cir. BAP 1992)......................................................................2

*In re Mendoza*, 16 B.R. 990 (Bkrtcy. S.D. Cal. 1982).............................................................8

*Platte Anchor Bolt, Inc.*, 352 F.Supp.2d 1048 (N.D. Cal. 2004) ..........................................3

*In re Roberts*, 331 B.R. 876 (9th Cir. BAP 2005) ....................................................................2

*In re Searles*, 317 B.R. 368 (9th Cir. BAP 2004) ....................................................................2

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983) ......................................3

*In re Wright*, 364 B.R. 51 (Bkrtcy D. Mont. 2007) ................................................................6

*In re Yadidi*, 274 B.R. 843 (9th Cit. BAP 2002)......................................................................8

## FEDERAL STATUTES

11 U.S.C. §105............................................................................................................................8
11 U.S.C. § 727 ................................................................................................................2, 8, 9
11 U.S.C. § 727(a) .....................................................................................................................8
11 U.S.C. § 727(a)(2)..........................................................................................4, 5, 7, 8, 9, 10, 11
11 U.S.C. § 727(a)(2)(A).........................................................................................................10
11 U.S.C. § 727(a)(3)..........................................................................................4, 5, 7, 8, 9, 10, 11
11 U.S.C. § 727(a)(4) .....................................................................................4, 5, 6, 7, 8, 11
11 U.S.C. § 727(a)(5).............................................................................................................7, 8
11 U.S.C. § 727(a)(6)................................................................................................................8
11 U.S.C. § 727(a)(7)................................................................................4, 6, 7, 8, 9, 10, 11

Fed. R. Civ. Proc. 9(b) ........................................................................................................2-3
Fed. R. Civ. Proc. 12(b) ...........................................................................................................3
Fed. R. Civ. Proc. 12(f) ............................................................................................................3

Fed. R. Bankr. Proc. 4005........................................................................................................2
Fed. R. Bankr. Proc. 7009........................................................................................................3

## MISCELLANEOUS

6 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy*, ¶ 727.01[4] at 727-12.1.................................................................................................................................2, 3, 4, 8

5 Wright & Miller, *Federal Practice and Procedure* § 1382, 510 U.S. 517, [114 S.Ct. 1023] ...................................................................................................................................3

*House Report No. 95-595, 95th Cong., 1st Sess. 384; Senate Report No. 95-989, 95th Cong., 2d Sess. 98* ...................................................................................................3

LAW OFFICES
**GOLDBERG, STINNETT, DAVIS & LINCHEY**
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

Defendants Fred Koelling and Linda Ann Koelling ("Debtors") submit their Memorandum of Points and Authorities in support of their motion ("Motion") to strike portions of the Complaint Objecting To Discharge ("Complaint") filed herein on August 8, 2008.

## I. RELIEF REQUESTED

By the Motion, the Debtors seek entry of an order striking the following portions of the Complaint on the grounds they contain irrelevant, immaterial and impertinent matters:

1. Paragraphs 15 through 17 regarding Plaintiff's claims against Kids Connection as litigated in the State Court;

2. Paragraph 19 alleging Kids Connections' payment of Linda Koelling's personal expenses in 2000;

3. Paragraph 25 through 30 regarding Kids Connections' 2002 employment agreement with Linda Koelling;

4. Paragraph 32 alleging Qmect post-petition violation of environmental laws;

5. Paragraphs 38 through 42 regarding Plaintiff's June 2003 attempt to foreclose against Qmect stock;

6. Paragraphs 53 through 55 alleging destruction of a Qmect computer allegedly containing records which should have been produced to Plaintiff in the State Court litigation;

7. Paragraphs 56 through 59 and 66 through 69 regarding Qmect's post-petition purchase transactions with Cyber Chem.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are supported by the Request for Judicial Notice filed concurrently herewith and the record of this Court:

1. On February 27, 2004, Qmect, Inc. ("Qmect"), a California corporation principally owned by the Debtors and engaged in the electroplating business, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, commencing case no. 04-41044. On October 5, 2006, Qmect's chapter 11 case was converted to one under chapter 7.

2. The Debtors filed their voluntary petition for relief under chapter 11 of the Bankruptcy

Code in this Court on November 16, 2004 (the "Petition Date"). On March 5, 2008, an order was entered converting the Debtors' chapter 11 case to one under chapter 7.

3. On January 9, 2008, Kids Connection, Inc., a California corporation wholly owned by Linda Koelling, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, commencing case no. 08-30026.

4. On July 21, 2008, an order was entered in the Debtors' bankruptcy case extending the time for filing a complaint objecting to the Debtors' discharge under Section 727 of the Bankruptcy Code to August 1, 2008.

5. On August 1, 1008, Plaintiff filed its Complaint Objecting To Discharge (the "Complaint"), commencing the within adversary proceeding.

6. On September 15, 2008, an order was entered herein extending the time for the Debtors to respond to the Complaint until October 15, 2008.

### III. DISCUSSION

The provisions denying a discharge to a debtor are generally construed liberally in favor of the debtor and strictly against the creditor. *In re Roberts*, 331 B.R. 876, 882 (9th Cir. BAP 2005); *In re Cox,* 41 F.3d 1294, 1297 (9th Cir. 1994); *In re Adeeb*, 787 F.2d 1339, 1342 (9th Cir. 1986). *See* 6 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy*, ¶ 727.01[4] at 727-12.1 (15th Edition Revised 2003) ("Collier").

In a proceeding objecting to the debtor's discharge, the burden of proof is on the party objecting to the discharge. Fed. R. Bankr. Proc. 4005; *In re Khalil*, 379 B.R. 163, 172 (9th Cir. BAP 2007). A plaintiff must establish the allegations in an action under Section 727 by a preponderance of the evidence. *In re Searles,* 317 B.R. 368, 376 (9th Cir. BAP 2004); *In re Lawler*, 141 B.R. 425, 429 (9th Cir. BAP 1992).

"The reasons for denial of a discharge must be real and substantial rather than technical and conjectural." Collier, ¶ 727.01[4] at 727-12 [citation omitted]; *In re Lane*, 302 B.R. 75, 81 (Bkrtcy. Id. 2003). The grounds alleged to constitute a bar to a debtor's discharge should be alleged with particularity and not by way of general averments. Collier, ¶ 727.14[4] at 727-65. Federal Rule of Civil Procedure 9(b), adopted by Federal Rule of Bankruptcy Procedure 7009, requires that the

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF COMPLAINT
119173.DOC

circumstances constituting an alleged fraud be stated with particularity and is applicable to many of the types of acts that may bar the debtor's discharge. *Ibid.* If the averments in the discharge complaint are vague or general, or merely aver acts that do not affect the right to a discharge, as in this case, the complaint will be susceptible to a motion to dismiss under Federal Rule of Civil Procedure 12(b) or related relief.

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading an insufficient defense or any redundant, immaterial impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . . " *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983).

"Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1382, at 706-07 (2d ed. 1990)) *rev'd on other grounds* 510 U.S. 517, 114 S.Ct. 1023 (1994). Where the matter to be stricken has no possible bearing on the subject of the litigation, the matter should be stricken. *Platte Anchor Bolt, Inc.* 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004).

### A. Allegations Regarding Kids Connection, Inc. Are Irrelevant And Immaterial And Should Be Stricken

There are a number of allegations in the Complaint pertaining to Kids Connection, Inc. ("Kids Connection") which are irrelevant and immaterial to the claims asserted in this action. Paragraphs 15 – 17 of the Complaint describes Plaintiff's state court action against Kids Connection. Paragraph 19 alleges that expense payments were made by Kids Connection in 2000 for Linda Koelling's benefit. Paragraphs 25 through 30 pertain to the 2002 employment agreement between Kids Connection and Linda Koelling. Each of those paragraphs should be stricken as irrelevant and immaterial to the claims asserted herein for the following reasons.

/ / / /

/ / / /

/ / / /

### 1. Paragraphs 15-17 Relating to Plaintiff's State Court Litigation with Kids Connection are Irrelevant and Immaterial to Whether the Debtors Should be Denied Their Discharge

Paragraphs 15 through 17 of the Complaint do not relate to or support any of the denial of discharge claims asserted herein. Those paragraphs describe Plaintiff's claims against Kids Connection. Paragraph 16 alleges that the State Court made findings that Kids Connection acted with fraud and malice "through the actions of Linda Koelling." In the State Court, a special verdict was entered against Kids Connection on Plaintiff's claim for intentional interference with contractual relations. However, contrary to the inference in the Complaint, the special verdict was solely against Kids Connection, not Linda Koelling. A copy of the Special Verdict filed on August 3, 2007 in the aforesaid state court litigation is attached as Exhibit 1 to Plaintiff's Request for Judicial Notice filed in support of the Motion.

As much as Plaintiff would like to treat Kids Connection as the alter ego of Linda Koelling, Plaintiff is estopped from doing so under the principals of res judicata and collateral estoppel. In the consolidated trial of Adversary Proceedings 04-4190, 04-4365 and 04-4366, this Court rejected Plaintiff's contention that the Debtors are the alter egos of Kids Connection. See <u>Decision After Trial In Consolidated Proceedings</u> dated February 9, 2006, at page 50, fn. 12, in which the Court stated:

> Burlingame sought a determination that Kids Connection was the Koellings' alter ego such that the assets of Kids Connection would be available to satisfy this claim. The Court was not persuaded by the evidence presented at trial that Kids Connection's corporate status should be disregarded in this fashion.

Based on the foregoing, allegations regarding Plaintiff's claims against Kids Connection are irrelevant and immaterial to whether the Debtors did any of the acts specified in Section 727(a)(2), (a)(3), (a)(4) or (a)(7). Consequently, Paragraphs 15 through 17 of the Complaint should be stricken.

### 2. Paragraph 19 Relating to Kids Connection Payments in 2000 Is Irrelevant and Immaterial to Whether the Debtors Should be Denied Their Discharge

Paragraph 19 of the Complaint alleges that Kids Connection paid for certain personal expenses of Linda Koelling in 2000. Plaintiff contends that that allegation pertains to its claims under Section 727(a)(2), (a)(3) and (a)(4). Complaint, ¶¶ 70, 73, 76. However, that allegation is irrelevant and immaterial to those claims for the following reasons.

LAW OFFICES
GOLDBERG, STINNETT, DAVIS & LINCHEY
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

Bankruptcy Code Section 727(a)(2) provides that a discharge may be denied where a debtor, with intent to hinder, delay or defraud creditors, transfers, removes, destroys, mutilates or conceals the <u>debtor's property</u> or property of the debtor's estate <u>within one year prior to the petition date</u> or after the petition is filed. 11 U.S.C. § 727(a)(2), emphasis supplied. *See*, *In re Adeeb,* 787 F.2d at 1345. The allegations in Paragraph 19 do not involve transfers or concealment of the Debtors' property and pertain to events in 2000, four years prior to the Petition Date. As such, the allegations in paragraph 19 are irrelevant to Plaintiff's Section 727(a)(2) claim.

Bankruptcy Code Section 727(a)(4) provides a basis for denial of discharge where the debtor knowingly and fraudulently presents a false claim or makes a false oath <u>in connection with the debtor's bankruptcy case</u>. 11 U.S.C. § 727(a)(4). The allegations in Paragraph 19 cannot support Plaintiff's Section 727(a)(4) claim because they have no conceivable relation to any claims presented or oaths taken in connection with the Debtors' bankruptcy case. The allegations in Paragraph 19 predate the Debtors' bankruptcy case by four years. Nothing in the Debtors' bankruptcy schedules, statement of financial affairs or operating reports would require disclosure of transactions four years prior to the date of filing.

Bankruptcy Code Section 727(a)(3) provides that a discharge may be denied where a debtor conceals, destroys, mutilates, falsifies or fails to keep books and records from which the debtor's financial condition or business transactions might be ascertained. To make out a prima facie case for denial of a debtor's discharge based on failure to keep or preserve adequate financial records, the complaining creditor must show, by a preponderance of the evidence and subject to construction in favor of the debtor: (1) that the debtor failed to maintain and preserve adequate records; and (2) that this failure makes it impossible to ascertain debtor's financial condition and material business transactions. *In re Lane,* 302 B.R. 75, 81 (Bkrtcy. Id. 2003). To the extent the allegations in Paragraph 19 pertain to any books and records, they pertain to those of Kids Connection, not the Debtors. Plaintiff does not allege that the Debtors failed to keep adequate records in 2000 or that the Debtors' financial condition and material business transactions were rendered impossible to ascertain as a result. The allegations in Paragraph 19 are therefore irrelevant and immaterial to Plaintiff's Section 727(a)(3) claim.

For all of the foregoing reasons, Paragraph 19 of the Complaint should be stricken.

### 3. Paragraphs 25 through 30 Relating to The Kids Connection 2002 Employment Agreement Are Irrelevant and Immaterial to Whether the Debtors Should be Denied Their Discharge

Paragraphs 25 through 30 of the Complaint contain allegations regarding a 2002 employment agreement between Kids Connection and Linda Koelling (the "2002 Employment Agreement"), the 2002 recording of a deed of trust against Kids Connection real property to secure the obligations under the 2002 Employment Agreement (the "Kids Connection Deed of Trust"), the Debtors' assertion of a claim of exemption regarding the 2002 Employment Agreement ("Exemption Claim"), and Kids Connection's bankruptcy schedules listing of amounts owed under the 2002 Employment Agreement.

According to the Complaint, the allegations in Paragraphs 25 through 30 support Plaintiff's causes of action under Section 727(a)(4) and (a)(7). Complaint, ¶¶ 76, 79. In its Third Cause of Action, Plaintiff contends that the Debtors presented a false claim in their bankruptcy schedules by overstating the amount owing under the 2002 Employment Agreement and by claiming that amount as exempt, and that therefore discharge should be denied under Section 727(a)(4). Complaint, ¶ 77.

The assertion of an exemption cannot be a "false claim" within the meaning of Section 727(a)(4), regardless of whether the debtor is entitled to the claimed exemption and regardless of the debtor's intent in asserting the exemption. *In re Garcia,* 168 B.R. 403 (D. Ariz. 1994) (the word "claim," as used in Bankruptcy Code Section 727(a)(4), is not to be equated with the assertion of a right to exemption).

Further, to prevail on a complaint to deny a debtor a discharge based upon false claim or oath, the complainant must show that the debtor made a false claim or oath both knowingly and fraudulently. *In re Wright,* 364 B.R. 51 (Bkrtcy. D. Mont. 2007). The complainant must demonstrate actual, not just constructive, fraudulent intent. *Id.* Each element must be proven; the requirement that the debtor made a false oath "knowingly" is not to be conflated with the separate requirement that the false oath was made "fraudulently." *Id.* To make a false oath "knowingly," the debtor must act deliberately and consciously. *Id.* The allegations in Paragraphs 26-30 do not support the Section

727(a)(4) claim.

In its Fourth Cause of Action, Plaintiff contends that the Debtors should be denied their discharge under Section 727(a)(7) because the Debtors encumbered the assets of Kids Connection to secure the 2002 Employment Agreement and because Linda Koelling signed schedules in the Kids Connection bankruptcy case which list a different amount owing under the 2002 Employment Agreement. Complaint, ¶¶ 80, 29. Section 727(a)(7) provides for denial of a discharge if the debtor has committed any act specified in subparagraphs (a)(2), (a)(3), (a)(4), (a)(5) or (a)(6). The allegations set forth in Paragraphs 26-30 are irrelevant and immaterial to each of those subparagraphs for the following reasons.

First, neither the 2002 Employment Agreement or the Kids Connection Deed of Trust involve a transfer of the Debtors' property or property of the Debtors' estate, nor a transfer within one year prior to the Debtors' bankruptcy filing. Consequently, the subject allegations are irrelevant to whether the debtors transferred or concealed their property within one year of bankruptcy with the intent to hinder, delay or defraud creditors, and thus irrelevant to a claim under Section 727(a)(2). Moreover, the act of a debtor in asserting an exemption is not a "transfer" of property within the meaning of Section 727(a) and does not permit denial of a debtor's discharge for having transferred property with intent to hinder, delay or defraud creditors. *In re Garcia, supra,* 168 B.R. at 407.

Second, none of the allegations in Paragraphs 26-30 concern destruction or failure to keep or preserve documents regarding the Debtors' financial condition or business transactions. Thus, those allegations are irrelevant to whether the Debtors committed an act specified in Section 727(a)(3) of the Bankruptcy Code.

Third, as stated above, none of the allegations concerning the 2002 Employment Agreement can support a claim under Section 727(a)(4) because the assertion of a claim of exemption does not constitute presentation of a "claim" within the meaning of Section 727(a)(4). *In re Garcia, supra.*

Fourth, by the Complaint, Plaintiff does not seek denial of the Debtors' discharge under Section 727(a)(5), which provides for denial of discharge where the debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities. In the Complaint, Plaintiff does not allege loss or deficiency of the Debtors' assets.

Lastly, by the Complaint, Plaintiff does not seek denial of the Debtors' discharge under Section 727(a)(6), which provides for denial of discharge where the debtor has refused to obey any order of this Court. Nothing in paragraphs 26-30 of the Complaint alleges refusal by the Debtors to obey an order of this Court.

For all of the foregoing reasons, Paragraphs 26-30 of the Complaint should be stricken.

### B. Allegations Regarding Qmect Are Irrelevant And Immaterial And Should Be Stricken

Paragraph 32 of the Complaint alleges that Fred Koelling knowingly violated environmental regulations during the Qmect bankruptcy case and that Qmect was guilty of violating bankruptcy law in several respects. Complaint, ¶ 32. According to the Complaint, this allegation relates to Plaintiff's Section 727(a)(7) claim. Complaint, ¶ 79. According to its legislative history, Section 727(a)(7) provides for denial of discharge for "commission of an act specified in grounds two through six during the year before the debtor's case in connection with another bankruptcy case involving an insider." *House Report No. 95-595, 95th Cong., 1st Sess. 384 (1977); Senate Report No. 95-989, 95th Cong., 2d Sess. 98 (1978).*

Paragraph 32 of the Complaint does not allege the commission of an act specified in Section 727(a)(2) through (6). Paragraph 32 does not allege that the Debtors violated any order of this Court, only that Fred Koelling violated <u>environmental laws</u> in connection with Qmect's operations. Nothing in Section 727(a) authorizes denial of discharge for violation of environmental laws. The grounds for denial of discharge should be limited to those clearly expressed in the Bankruptcy Code. Colliers, *supra,* ¶ 727.01[1] at page 727-8. Any grounds not expressly included are excluded by implication. *Ibid.; In re Mendoza,* 16 B.R. 990 (Bkrtcy. S.D. Cal. 1982). S*ee also In re Yadidi,* 274 B.R. 843 (9th Cir. BAP 2002) (reversing denial of discharge based on Section 105, where Section 727 applied).

Section 727(a)(6) provides that a discharge may be denied where a debtor has refused to obey orders of <u>the bankruptcy court</u>. Paragraph 32 of the Complaint does not allege that the Debtors disobeyed any orders of this court, only that Qmect violated environmental laws and unspecified bankruptcy <u>laws</u> in its bankruptcy case. Paragraph 32 is irrelevant and immaterial to any denial of discharge claim asserted and should therefore be stricken.

8
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF COMPLAINT
119173.DOC

### C. Allegations Regarding Plaintiff's Efforts To Foreclose Against Qmect Stock In 2002 Are Irrelevant And Immaterial And Should Be Stricken

Paragraphs 38 through 42 of the Complaint describe Plaintiff's efforts in June 2003 to foreclose against Qmect stock. Those allegations do not support denial of discharge under Section 727 as they pertain to alleged conduct by Qmect, not the Debtors individually, more than one year before the Debtors' bankruptcy filing. Plaintiff apparently recognizes the irrelevance and immateriality of those allegations to a discharge complaint since none of the four causes of action asserted in the Complaint are based on Paragraphs 38 through 42. Complaint, ¶¶ 70, 73, 76, 79.

Accordingly, paragraphs 38 through 42 should be stricken as irrelevant and immaterial to the claims asserted.

### D. Allegations Regarding Qmect's Computer Records In State Court Litigation Are Irrelevant and Immaterial to the Denial of Discharge Claims Pleaded

Paragraphs 53 – 55 contain allegations that a broken Qmect computer was discarded which allegedly contained records which should have been produced to Plaintiff in the State Court litigation. The allegations do not specify who discarded the computer which had crashed.

In its First and Second Causes of Action, Plaintiff contends the Debtors should be denied their discharge under Sections 727(a)(2) and (a)(3) of the Bankruptcy Code for "destroying and mutilating _their_ computer". Complaint,¶¶ 71, 74, emphasis supplied. In its Fourth Cause of Action, Plaintiff contends the Debtors should be denied their discharge under Section 727(a)(7) of the Bankruptcy Code for "destroying and mutilating a computer located at Qmect and failing to preserve recorded information on such computer in connection with litigation during the Qmect case." Complaint, ¶ 80.

Plaintiff plays fast and loose with its allegations – the discarded computer is described variably as Qmect's computer, Fred Koellings' computer, or the Debtors' computer. In any event, the allegations do not support the pleaded claims for denial of the discharge. Section 727(a)(2) provides that a debtor may be denied a discharge if, with the intent to hinder, delay or defraud creditors, the debtor destroyed, mutilated or concealed his property or property of his estate within one year before the bankruptcy filing or post-petition, unless such act or failure to act was justified under all of the circumstances of the case. Denial of the discharge under Bankruptcy Code Section

727(a)(2)(A) requires a finding of actual intent to hinder, delay or defraud creditors. *In re Adeeb, supra,* 787 F.2d at 1343. Because paragraphs 53-55 fail to allege with specificity any facts showing an intent by the Debtors to hinder, delay or defraud creditors, the allegations do not support a claim under Section 727(a)(2), and should be stricken.

Because paragraphs 53-55 do not allege that the discarded computer even belonged to the Debtors or that the Debtors were the ones responsible for the computer being discarded, the allegations do not support denial of discharge under Section 727(a)(3) for failure to preserve books and records, and should be stricken.

Lastly, since paragraphs 55-55 do not allege facts showing that the acts specified in Section 727(a)(2) and (3) of the Bankruptcy Code occurred, those allegations are equally insufficient to support a claim under Section 727(a)(7) of the Bankruptcy Code and should be stricken.

### E. Allegations Regarding Qmect Post-Petition Operations Are Irrelevant and Immaterial to Whether the Debtors Should be Denied Their Discharge

Paragraphs 56-59 and 66-69 allege that Qmect engaged in fraudulent activity in connection with its post-petition purchases of chemicals from vendor, Cyber Chem. According to the Complaint, the allegations in those paragraphs support the claims asserted in the First, Second, Third and Fourth cases of action. Complaint, ¶¶ 70, 73, 76 and 79.

Said allegations do not support denial of discharge claims against the Debtors because they are based solely upon the actions of Qmect, a separate and distinct legal entity. The allegations regarding Qmect's post-petition conduct do not support a claim under Section 727(a)(2) because they do not allege any transfer or concealment involving property of the Debtors or the Debtors' estate. Nor do those allegations support a claim under Section 727(a)(3). The subject paragraphs allege that Cyber Chem submitted false, overstated invoices to Qmect and that Qmect paid those invoices in violation of a cash collateral order in Qmect's bankruptcy case. Absent a finding that the Qmect is an alter ego of the Koellings, the allegations do not support denial of the Debtors' discharge, and should be stricken as irrelevant and immaterial to the claims asserted.

### IV. CONCLUSION

For all of the foregoing reasons, the portions of the Complaint identified in the Motion should

10
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF COMPLAINT
119173.DOC

be stricken as irrelevant and immaterial to the discharge claims asserted.  None of the identified portions of the Complaint support the claims asserted or are pertinent to whether the Debtors did any of the acts specified in Sections 727(a)(2), (3), (4) or (7) of the Bankruptcy Code.

Dated:  October 13, 2008

                          GOLDBERG, STINNETT, DAVIS & LINCHEY
                          A Professional Corporation

                          By:    /s/ Katherine D. Ray
                                  Attorneys for Defendants,
                                  Harry Fred Koelling and Linda Ann Koelling