GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar #070591
KATHERINE D. RAY, ESQ. CA Bar #121002
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Defendants
Harry Fred Koelling and Linda Ann Koelling

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>HARRY FRED KOELLING and LINDA ANN KOELLING,<br><br>Debtors. | Case No. 04-46443-LT<br><br>Chapter 7 |
| BURLINGAME CAPITAL PARTNERS II, L.P.,,<br><br>Plaintiff,<br><br>vs.<br><br>HARRY FRED KOELLING and LINDA ANN KOELLING,<br><br>Defendants. | A.P. No. 08-04204<br><br>Date: November 20, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 201<br>1300 Clay Street, 2nd Floor<br>Oakland, CA<br>Judge: Hon. Leslie Tchaikovsky |

**REPLY TO PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' MOTION TO STRIKE PORTIONS OF COMPLAINT**

Defendants Fred Koelling and Linda Ann Koelling ("Debtors") hereby reply to Plaintiff Burlingame Capital Partners II, L.P.'s Opposition To Motion To Strike Portions Of Complaint (the "Opposition").

-1-
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF COMPLAINT
119673.DOC

### 1. Background Allegations Which Are Not Essential to the Claims Asserted May Be Stricken In Order to Narrow the Issues for Discovery and Trial and Avoid Prejudice to the Debtors

Plaintiff contends that the portions of the Complaint which the Debtors seek to strike as irrelevant and immaterial (the "Irrelevant Matter") should not be stricken because they provide "context and background" to the Debtors' conduct. Under Plaintiff's reasoning, *anything* which could possibly be characterized as "context" or "background" would be immune from a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure ("FRCP").

Plaintiff's theory is contrary to Rule 12(f)'s recognized function of narrowing the issues for discovery and trial, so as to avoid the time and expense of litigating issues which will not affect the outcome of the case. *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880 (9th Cir. 1983) ("…function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…"); *Resolution Trust Corp. v. Schonacher*, 844 F.Supp. 689 (D. Kan. 1994) (purpose of motion to strike procedure is to minimize delay, prejudice, and confusion by narrowing issues for discovery and trial); *In re Schwinn Bicycle Co.*, 184 B.R. 945 (Bkrtcy. N.D. Ill. 1995) (purpose of Rule 12(f) is to save the parties the time, effort and expense of preparing to litigate issues that will not affect the outcome of the case; *In re Dec*, 2000 WL 1346685 (Bkrtcy. N.D. Ill. 2000) (same).

Courts may require a showing of prejudice by the moving party before granting a motion to strike. *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, citing *Securities and Exchange Commission v. Sands*, 902 F.Supp. 1149, 1166 (C.D. Cal. 1995). See *Leduc v. Kentucky Cent. Life Ins.* Co., 814 F.Supp. 820 (N.D. Cal. 1992) (allegations supplying background or historical material or other matter of an evidentiary nature may be stricken if prejudicial to the defendant). *Marks v. Chicoine*, 2007 WL 1056779 (N.D. Cal. 2007) (same).

The increased time and expense of trial may constitute sufficient prejudice to warrant granting a motion to strike. *F.D.I.C. v. Pelletreau & Pelletreau*, 965 F.Supp. 81 (E.D.N.Y. 1997). Further, the possibility that superfluous pleadings will cause the trier of fact to draw "unwarranted" inferences at trial is the type of prejudice that will support the granting of a motion to strike. See *Fantasy, Inc.*

*v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) (holding that the district court properly struck lengthy, stale and previously litigated factual allegations to streamline the action), *rev'd. on other grounds,* Fogerty v. Fantasy, Inc., 114 S.Ct. 1023 (1994).

By their Motion, the Debtors seek to narrow the issues for discovery and trial in order to avoid the time and expense of litigating issues which are beyond the scope of the pertinent provisions of Section 727(a) asserted. Given Plaintiff's propensity for extensive and costly litigation, the Motion is appropriate and is not, as Plaintiff contends, a mere delaying tactic.

### 2. Each of the Identified Allegations Are Not Essential to the Claims Asserted and Should Be Stricken to Narrow the Issues for Discovery and Trial

Plaintiff misstates the Ninth Circuit's definition of the term "immaterial" as used in Rule 12(f) as being that which has no bearing on the controversy before the Court. The Ninth Circuit defined "immaterial" matter as that which "has no essential or important relationship to the claim for relief or defenses being pleaded." *Fantasy, Inc. v. Fogerty, supra* 984 F.2d at 1527, emphasis supplied. The Ninth Circuit also defined "impertinent" matter as statements that "do not pertain, and are not necessary to the issues in question." *Id*.

One test that has been advanced for determining whether an allegation in a pleading is immaterial and impertinent within the meaning of Rule 12(f) is whether proof concerning it could be received at trial; if it could not, then the matter is immaterial and impertinent." *Pratt v. Phoenix Home Life Mut. Ins. Co.*, 285 B.R. 3 (D. Or. 2001) (citations omitted).

In this case, Plaintiff seeks to re-litigate in this adversary proceeding the same allegations which were litigated against Kids Connection and Qmect in the State Court and in the bankruptcy cases of Qmect and Kids Connection, including Plaintiff's contract interference claims against Kids Connection, the discovery disputes with Kids Connection and Qmect, Plaintiff's 2002 attempt to foreclose on Qmect stock, and the 2002 employment agreement between Linda Koelling and Kids Connection.

Plaintiff contends that those allegations lend "context and background" to its Section 727 claims and are relevant to the subject matter of this litigation. In actuality, Plaintiff seeks to re-

litigate those claims against the Debtors in the hopes that any misconduct by Kids Connection and Qmect will be imputed to the Debtors personally. However, as detailed in the Motion to Strike, and set forth below, those allegations are immaterial to the Section 727(a) claims asserted because they pertain to alleged conduct which is outside the scope of the relevant portions of the statute.

> **a. The Identified Allegations Regarding Kids Connection and Qmect Are Immaterial to Plaintiff's Section 727(a)(2) Claims and Should be Stricken to Narrow the Issues For Discovery and Trial**

In its Opposition, Plaintiff does not refute the fact that certain of the Irrelevant Matter (i.e., Paragraphs 15-17, 19, 25-30, 38-42, 53-59 and 66-69) pertain to alleged transfers, concealment or destruction of property which did not belong to the Debtors and/or occurring more than one year before the Debtors' bankruptcy petition was filed. Consequently, those allegations cannot support a claim under Section 727(a)(2). Section 727(a)(2) expressly requires that the property fraudulently transferred, concealed or destroyed be "property of the debtor." 11 U.S.C. § 727(a)(2)(A). Section 727(a)(2) further expressly requires that the transfer, concealment or destruction occur within one year before the filing of the Debtors' petition. *Ibid.* None of the allegations in paragraphs 15-17, 19, 25-30, 38-42, 53-59 and 66-69 can establish the statutory elements of Section 727(a)(2) and are thus not essential to those claims.

Plaintiff contends that one can ignore Section 727(a)(2)'s express requirement that the transfer, concealment or destruction of the debtor's property occur within one year before the filing of the debtor's petition date, and that the one-year limitation is "not determinative." Opposition, page 11. Two elements comprise an objection to discharge under Section 727(a)(2)(A): (1) a disposition of property of the debtor's, such as a transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act of disposing of the property. *In re Lawson*, 122 F.3d 1327, 1240-41 (9th Cir. 1997). "Both elements must take place within the one-year pre-filing period; acts and intentions occurring prior to this period will be forgiven." *Id.*

However, where the debtor retains a secret benefit of ownership, the fact that the transfer or concealment occurred more than one year prior to bankruptcy will not preclude denial of discharge under Section 727(a)(2)(A) under the "continuing concealment doctrine." *Id.* In *Lawson*, the debtor

-4-

gave her mother a deed of trust on her home more than one year before the debtor's bankruptcy but the debtor continued to live in the home and then subordinated the deed of trust to another loan. Under those circumstances, the Court found a continuing concealment, warranting denial of discharge under Section 727(a)(2).

In this case, the continuing concealment doctrine is not applicable to the Section 727(a)(2) claims asserted because the Debtors did not retain a secret benefit of ownership in any of the property allegedly fraudulently concealed, transferred or destroyed, nor does the Complaint allege that the Debtors retained a secret benefit of ownership in anything. There cannot be a "concealment" for purposes of a Section 727(a)(2) denial of discharge unless the debtor has retained some secret interest in the subject property after its transfer. <u>Rosen v. Bezner</u>, 996 F.2d 1527, 1532 (3rd Cir. 1993). Consequently, allegations which are beyond one-year before November 14, 2004 are not essential to, and thus immaterial to, any of the Section 727(a)(2) claims asserted, and should be stricken to avoid the prejudice to the Debtors in having to litigate those allegations.

### b. The Identified Allegations Regarding Plaintiff's 2002 Qmect Stock Foreclosure Attempt Are Not Relevant to Any of the Section 727(a) Claims Asserted and Should Be Stricken

In its Opposition, Plaintiff also does not deny that the allegations in paragraphs 38-42 of the Complaint are not the basis for any of the Section 727 claims asserted by Plaintiff in this action. See, Complaint, ¶¶ 70, 73, 76, 79. Those allegations describe Plaintiff's attempt in 2002 to foreclose on Qmect stock and Plaintiff's resulting claim against Kids Connection for interference with contractual relations.

Plaintiff offers no explanation as to how any of the allegations in paragraphs 38-42 are relevant or essential to Plaintiff's claims. If those paragraphs are not stricken, the matters contained therein are subject to discovery and trial. It would be unduly prejudicial to the Debtors if Plaintiff's attempt in 2002 to foreclose on Qmect stock is the subject of discovery and trial. None of those allegations are pled in support of the discharge claims asserted and are thus are indisputably immaterial.
LAW OFFICES
GOLDBERG, STINNETT, DAVIS & LINCHEY
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

### c. Allegations Regarding Qmect Records Are Not Relevant to the Section 727(a)(3) Claims Asserted and Should be Stricken

Paragraphs 53 – 55 contain allegations that a broken Qmect computer was discarded which allegedly contained records which should have been produced to Plaintiff in the State Court litigation, while paragraphs 56-59 and 66-69 allege that Qmect sold scrap metal for cash which was not disclosed in Qmect's records. Plaintiff makes those allegations in support of its claim that the Debtors should be denied their discharge under section 727(a)(3) based on the Debtors' destruction or falsification of books and records or failure to keep adequate books and records from which the Debtors' financial condition could be ascertained.

Those allegations also are non-essential and immaterial to Plaintiff's Section 727(a)(3) claims because they do not pertain to the books and records of the Debtors. Where a debtor's discharge is sought to be denied based upon the lack of financial records, and the lacking records are those of a bona fide separate entity, such as a corporation, and not the individual debtor, the discharge should not be denied. <u>In re White</u>, 177 B.R. 110, 114-115 (Bkrtcy. M.D. Fl. 1994); <u>In re Espino</u>, 806 F.2d 1001 (11th Cir. 1986). It is not the lack of books and records of a corporation which is relevant, but the lack of books and records of individual debtors. <u>In re Nguyen,</u> 100 B.R. 581 (Bkrtcy. M.D. Fl. 1989); see also <u>Matter of Hyer</u>s, 70 B.R. 764 (Bkrtc. M.D. Fl. 1987).

An individual debtor's failure to maintain books and records of a corporation is not in itself sufficient to deny that debtor a discharge under Section 727(a)(3) because an objection to discharge must be based on the <u>debtor's</u> failure to produce books and records which depict the <u>individual debtor's finances</u>, not that of his or her corporation. <u>In re Cromer</u> (Bkrtcy. E.D. N.Y. 1997) 214 B.R. 86, 99. The corporation must be treated as an entity separate and distinct from the individual debtor. *Id.*

### d. Allegations Regarding the Debtors' Claim of Exemption Should be Stricken Because They Do Not Give Rise to a False Oath Claim under Section 727(a)(4)

Plaintiff asserts that the Debtors' reliance on <u>In re Garcia,</u> 168 B.R. 403 (D. Ariz. 1994) is misplaced because it did not involve a motion to strike. <u>Garcia</u> held that the word "claim," as used in

Bankruptcy Code Section 727(a)(4), is not to be equated with the assertion of a right to exemption. Consequently, the assertion of a right to exemption, even if erroneous or inflated, cannot support denial of discharge for filing a false claim or oath. Plaintiff cites no cases holding otherwise. Accordingly, each of the allegations set forth in paragraphs 25-30, which relate to the 2002 employment agreement between Linda Koelling and Kids Connection and the related claim of exemption, should be stricken.

**3. Plaintiff is Not a Third-Party Outsider and is not Afforded Greater Liberality in Pleading Its Claims**

Plaintiff also argues that it should be afforded greater liberality in alleging its denial of discharge claims because, like a trustee, it is a "third party outsider to the fraudulent transaction." Opposition, page 6. That is false. Plaintiff was a party to the loan agreement with Qmect which is the underlying basis for Plaintiff's Section 727 claims. Plaintiff was also a party to the very litigation in which Fred Koelling is alleged to have improperly destroyed computer records

Moreover, that argument makes no sense in the context of a motion to strike. Even if the Plaintiff were entitled to greater leeway in alleging its fraudulent transfer or concealment claims, which Debtors dispute, that does not mean that immaterial allegations should be permitted to stand and broaden the scope of discovery and trial.

For all of the foregoing reasons, the Motion to Strike should be granted in its entirety.

Dated: November 13, 2008

GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation

By: /s/ Katherine D. Ray
Attorneys for Defendants, Harry Fred Koelling
and Linda Ann Koelling

-7-
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF COMPLAINT
119673.DOC
Case: 08-04204   Doc# 21   Filed: 11/13/08   Entered: 11/13/08 16:25:05   Page 7 of 8

## CERTIFICATE OF SERVICE BY FIRST CLASS MAIL

I, the undersigned, state that I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 44 Montgomery Street, Suite 2900, San Francisco, California 94104-4789; that on the date set out below, I served a copy of the following:

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF COMPLAINT

on each party listed below by placing such a copy, enclosed in a sealed envelope with first class postage thereon affixed, in a United States Postal Service mailbox at San Francisco, California, addressed to each party listed below.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on November 13, 2008.

/s/ JEANNE ROSE

Robert R. Moore, Esq.
William W. Huckins, Esq.
Marlene M. Moffitt, Esq.
Allen, Matkins, Leck, Gamble & Mallory LLP
Three Embarcadero Center, 12th Flr.
San Francisco, CA 94111-4074