GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar #070591
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Defendants, Harry Fred Koelling and Linda Ann Koelling

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>HARRY FRED KOELLING and LINDA ANN KOELLING,<br><br>Debtors. | Case No. 04-46443-LT<br><br>Chapter 7 |
| BURLINGAME CAPITAL PARTNERS II, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HARRY FRED KOELLING and LINDA ANN KOELLING,<br><br>Defendants. | A.P. No. 08-04204 |

### ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Defendants and respond to the Complaint as follows:

1. Defendants admit the allegations contained in Paragraphs 1 through 6, except they deny that Burlingame now has an allowed claim of more than $5.9 million.

2. Responding to the allegations contained in Paragraph 7, Defendants admit that Fred Koelling was President of QMECT, INC., that QMECT filed a petition for relief under chapter 11 on

1

ANSWER TO FIRST AMENDED COMPLAINT
120100.DOC
Case: 08-04204   Doc# 31   Filed: 12/19/08   Entered: 12/19/08 15:44:59   Page 1 of 7

February 27, 2004, and that the case is also before this court. Defendants admit that a receiver was appointed in that case and that Fred Koelling left QMECT. Except as admitted, Defendants deny the allegations contained in Paragraph 7.

3. Responding to the allegations contained in Paragraph 8, Defendants admit the allegations contained in the first two sentences of Paragraph 8 and deny the allegations contained in the third sentence of Paragraph 8.

4. Responding to the allegations contained in Paragraphs 9 through 12, inclusive, Defendants admit that on February 9, 2006, this Court entered its Decision After Trial and Consolidated Proceedings and thereafter entered judgment and thereafter entered an order relating to attorneys' fees and costs. Except as specifically set forth in this Court's Decision, Judgment and orders, Defendants deny the allegations contained in Paragraphs 9 through 12.

5. Responding to the allegations contained in Paragraphs 13 through 17, Defendants admit that on October 2, 2007, a First Amended Judgment was entered in Case No. CIV-426631, in which Plaintiff recovered nothing against these Defendants. Defendants further admit the existence and content of the First Amended Judgment, but except as to findings stated therein, Defendants deny the allegations of Paragraphs 13 through 17.

6. Responding to the allegations contained in Paragraphs 18 through 20, Defendants admit that they filed for bankruptcy on November 16, 2004. Defendants further admit that Kids Connection paid compensation, in part, to Linda Koelling by way of certain expenses charged to a draw account and treated as income. Further responding to said paragraphs, the allegations relating to testimony given during a trial in 2007 are vague and ambiguous and unsupported by any reference to the record making it impossible for defendants to accurately respond at this time to the allegations with specificity. On that basis, Defendants deny the balance of the allegations contained in said paragraphs.

7. Defendants deny the allegations contained in Paragraph 21.

8. Responding to the allegations contained in Paragraph 22, Defendants admit that they filed monthly operating reports in their bankruptcy proceeding which were prepared by their professionals which the Koellings believed to be accurate. Defendants admit that the statement of

2

cash receipts does not reflect under "Total Receipts" certain expenses of Linda Koellings that were paid by Kids Connection. Additionally, Defendants admit that the Schedules do not reflect a known value of Kids Connection and that monthly operating reports reflected a zero value for interest in corporations. Except as admitted, Defendants deny the allegations contained in Paragraph 22.

9. Responding to Paragraph 23, the allegations are vague and ambiguous and do not specify any particular testimony by page or line number. Defendants admit Linda Koelling testified several years ago concerning Kids Connection and the booking of expenses to her draw account, but deny plaintiff's characterization of said testimony in Paragraph 23.

10. Defendants admit the allegations contained in Paragraph 24.

11. Linda Koelling admits that she entered into an Employment Agreement with Kids Connection and that Kids Connection's obligations under the Employment Agreement were secured. Except as admitted, Defendants deny the allegations contained in Paragraph 25.

12. Responding to the allegations contained in Paragraph 26, Plaintiff has not attached a copy of the alleged demands to the complaint and Defendants cannot ascertain whether such a demand exists and based upon such lack of information and belief Defendants deny the allegations contained in Paragraph 26.

13. Responding to the allegations contained in Paragraph 27, the Koellings admit that they filed amendments to their Schedules B and C, and that the amendments speak for themselves, which are contained in the Court's record. Except as admitted, Defendants deny the allegations contained in Paragraph 27.

14. Defendants deny the allegations contained in Paragraph 28.

15. Defendants admit that Kids Connection filed bankruptcy Schedules, and that said Schedules list the obligation to Linda Koelling. Except as admitted, Defendants deny the allegations contained in Paragraph 29.

16. Responding to the allegations contained in Paragraph 30, Plaintiff's allegations are vague and ambiguous and do not cite any particular transcript or portion of transcript. Defendants deny that plaintiff has fairly or accurately characterized the testimony and therefore deny the allegations in Paragraph 30.

3

17. Responding to the allegations contained in Paragraph 31, Defendants admit that QMECT filed for bankruptcy on February 27, 2004, and that a receiver was appointed in approximately March of 2006, and that prior to that date, Fred Koelling was the court appointed responsible individual for the debtor. Except as admitted, Defendants deny the allegations contained in Paragraph 31.

18. Responding to the allegations contained in Paragraph 32, which appear to refer to this Court's Decision After Trial On Consolidated Proceedings, relating to an adversary proceeding which was tried during the years 2005 and 2006, Defendants admit that this Court made that decision which was entered on the Docket on February 9, 2006. Except as so admitted, Defendants deny the allegations of Paragraph 32.

19. Responding to the allegations contained in Paragraphs 33, 35, 36 and 37, Defendants admit that QMECT sold scrap metal and that the scrap metal proceeds were received by QMECT. Except as admitted, Defendants deny the allegations contained in Paragraphs 33, 35, 36 and 37. Responding to the allegations contained in Paragraph contained in Paragraph 34, Defendants have not made the documents they are referring to available and have not attached them as exhibits. Therefore, Defendants are without information or belief upon which to base a response to the accuracy of the allegation, and based upon said lack of information and belief, deny said allegations.

20. Responding to the allegations contained in Paragraphs 38 and 39, Defendants admit that QMECT issued additional shares of stock. Defendants also admit that this Court made certain findings in the adversary proceeding with respect to this issue. Except as admitted, Defendants deny the allegations contained in Paragraphs 38 and 39.

21. Responding to the allegations contained in Paragraphs 40, 41 and 42, Defendants admit that they disclosed their ownership of a 2001 Chevrolet Tahoe and a 2002 Jeep Cherokee. Defendants also admit that they did not have an ownership interest in a 2001 Mercedes Benz SL 430 on the date of the filing of their petition, and therefore did not disclose any such ownership. Further responding to said paragraphs, Defendants admit that Kids Connection did not disclose a 2001 Mercedes Benz SL 430 in its Schedules, as it did not own such a vehicle on the date of the filing of its petition. Defendants further admit that they were examined relating to the vehicle, gave truthful

testimony and refused to turn the keys over to plaintiff.  Except as admitted, Defendants deny the allegations contained in Paragraphs 40, 41 and 42.

22. Responding to the allegations contained in Paragraphs 43 through 49, Defendants have insufficient information and belief upon which to base a response to the allegations contained in said paragraphs and based upon said lack of information and belief, deny said allegations.

23. Responding to the allegations contained in Paragraphs 50 through 52, Defendants admit that there have been disputes over the existence and production of documents between themselves and Burlingame and that at some point in time a QMECT employee, not acting under the instructions of Fred Koelling, discarded one of QMECT's damaged hard drives.  Except as admitted, Defendants deny the allegations contained in Paragraphs 50 through 52.

24. Responding to the allegations contained in Paragraphs 53 through 66, Defendants admit that QMECT purchased chemicals from Cyber Chem, Inc., that Cyber Chem, Inc. was partially owned by Michael Burke, a close personal friend of Fred Koelling, that Cyber Chem subcontracted the blending of its chemicals to others, that Burke on occasion made loans to the Koellings, that in early 2006 Burke asked Fred Koelling if he had the ability to repay any portion of the loan and that there was a cash collateral order giving Burlingame a lien on QMECT's assets.  Except as specifically admitted, Defendants deny the allegations contained in Paragraphs 53 through 66.

**FIRST CLAIM FOR RELIEF**

25. Defendants incorporate the allegations contained in Paragraphs 1 through 24.

26. Defendants deny the allegations contained in Paragraphs 68 and 69.

**SECOND CLAIM FOR RELIEF**

27. Responding to the allegations contained in Paragraph 70, Defendants incorporate the allegations contained in Paragraphs 1 through 24.

28. Defendants deny the allegations contained in Paragraphs 71 and 72.

**THIRD CAUSE OF ACTION**

29. Responding to the allegations contained in Paragraph 73, Defendants incorporate the allegations contained in Paragraphs 1 through 24.

30. Defendants deny the allegations contained in Paragraphs 74 and 75.

5

## FOURTH CLAIM FOR RELIEF

31. Responding to the allegations contained in Paragraph 76, Defendants incorporate the allegations contained in Paragraphs 1 through 24.

32. Defendants deny the allegations contained in Paragraphs 77 and 78.

## AFFIRMATIVE DEFENSES

33. Plaintiff, Burlingame Capital Partners II, LP is barred from relief pursuant to the doctrine of unclean hands.

34. Plaintiff is barred from relief by the doctrine of laches.

35. Plaintiff's claims against the Koellings have been exonerated or repaid.

36. Some of Plaintiff's claims and factual assertions are barred by the doctrine of collateral estoppel, res judicata and law of case.

37. Plaintiff's claims are barred by the doctrine of waiver.

38. Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Defendants pray for judgment against Plaintiff and for costs of suit herein.

DATED: December 19, 2008

                                       GOLDBERG, STINNETT, DAVIS & LINCHEY
                                       A Professional Corporation

                                       By  /s/ Dennis D. Davis
                                              Attorneys for Defendants, Harry Fred Koelling and Linda Ann Koelling

# CERTIFICATE OF SERVICE

I, the undersigned, state that I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 44 Montgomery Street, Suite 2900, San Francisco, California 94104-4789; that on the date set out below, I served a copy of the following:

## ANSWER TO FIRST AMENDED COMPLAINT

on each party listed below in the following manner:

☒     BY ELECTRONIC MAIL: by transmitting via email said document(s) listed above to the email address set forth below.

☒     BY ECF EMAIL NOTIFICATION: by way of this court's ECF email notification to the participating parties set forth below.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California, on December 19, 2008.

/s/ *Pam Joakimson*

**ECF NOTIFICATION AND BY EMAIL <rmorre@allenmatkins.com>**

Robert R. Moore, Esq.
Allen Matkins Leck Gambell
   Mallory & Natsis, LP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074

7
ANSWER TO FIRST AMENDED COMPLAINT
120100.DOC