1  John W. Howard, Esq. SBN 80200
   Michelle D. Volk, Esq. SBN 217151
2  J.W. HOWARD/ATTORNEYS, LTD.
3  1508 West Lewis Street
   San Diego, California 92103
4
5  Telephone: (619) 234-2842
   Facsimile: (619) 234-1716
6
   Attorneys for Plaintiff
7  BURLINGAME CAPITAL PARTNERS II, L.P.,

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>HARRY FRED KOELLING and<br>LINDA ANN KOELLING,<br><br>    Debtors.<br><br>BURLINGAME CAPITAL PARTNERS II, L.P.,<br><br>    Plaintiff,<br><br>vs.<br><br>HARRY FRED KOELLING and<br>LINDA ANN KOELLING,<br><br>    Defendants. | CASE NO. 04-46443-LT<br>(Hon. Leslie Tchaikovsky)<br>Chapter 7<br><br>Adv. Proc. No. 08-04204<br><br>**PLAINTIFF'S _AMENDED_ MOTION TO DISMISS ADVERSARY PROCEEDING**<br><br>[Pursuant to FRCP 41(a)(2)]<br><br>Hearing Date: November 5, 2009<br>Time:   2:00 p.m.<br>Crtrm: 201 |

    Plaintiff, Burlingame Capital Partners II, L.P., hereby moves for an order dismissing its First Amended Adversary Complaint herein objecting to discharge of the debtors, pursuant to *Federal Rules of Civil Procedure* Rule 41(a)(2).

    Plaintiff moves for dismissal on the basis that the litigation process has become prohibitively expensive and it is unlikely that sufficient assets will be discovered to warrant the

- 1 -
PLAINTIFF'S *AMENDED* MOTION TO DISMISS ADVERSARY PROCEEDING

expense and provide relief to the many creditors who have filed claims herein. Plaintiff does not move for dismissal on the basis of any doubt as to the merits of the case it has filed herein. Indeed, the basis for the complaint is conduct so egregious that Plaintiff urges this court to refer Debtors to the United States Attorney for a review of the conduct that gave rise to Plaintiff's complaint herein. Not only is Ms. Koelling involved in three separate bankruptcies in which she and her husband have directly, misrepresented and withheld facts from two Bankruptcy Courts and the California Superior Court, she is a local politician, who has been doing these things while in office. In this Court, now Foster City Vice Mayor, Linda. Koelling's behavior was found to have tortiously interfered with Plaintiff's loan documents and their behavior was found sufficiently egregious to warrant the appointment of a Trustee in their personal bankruptcy.

Plaintiff brings the instant motion because it believes there is limited reasonable likelihood of recovering compensation from Debtors greater than the expense of proceeding with this case since Debtors say they have few assets, and, also, because the time and expense of continuing the litigation represents a waste of money with limited prospects of a return. We unconditionally request, therefore, that this court dismiss Plaintiff's action, *with prejudice*.

At the same time, however, in support of our request for referral to the US Attorney, Plaintiffs wish to bring to this court's attention the following facts:

During the pendency of the instant bankruptcy, Linda Koelling received income by payment of more than $200,000 in personal expenses (over $100,000 in 2005 alone) that she did not disclose to this court through the use of credit cards in the name of Kids Connection school and direct payment of personal expenses by Kids Connection, a corporation she owned and controlled in its entirety. Among the personal expenses she testified under oath that were paid on her behalf were auto payments, auto insurance, auto registration, groceries, pharmacy items, home alarm service, home landscaping, Direct TV service for her home, personal cellular phone

service, personal subscriptions, club dues, personal gasoline expenses, personal accounting fees, attorney's fees, college fees for her three children and expenses and personal entertainment such as movies and restaurants.  It was established and testified to directly by Ms. Koelling in the state court trial in Case No 426631 in San Mateo Superior Court that Ms. Koelling paid these personal expenses including one hundred one thousand, one hundred thirty-four dollars and forty-three cents ($101,134.42) through Kids Connection School in 2005 alone.  In that same trial, Linda Koelling testified that she paid multiple expenses with Kids Connection funds and she never disclosed these expenditures to this court from which she was seeking relief from personal debts.

Ms. Koelling also purchased groceries, furniture, clothing and many personal items through the use of her "owner's draw account" from Kids Connection School and expensed those items to Kids Connection School.  None of this was disclosed to this court in the monthly operating reports filed with this court.  At trial she testified that she counted it as income in filing her personal tax returns, something Plaintiff believes is untrue.

The Debtors were also the owners of a company named QMECT which went through the bankruptcy process with Mr. Fred Koelling as responsible officer.  During that process, Mr. Koelling willfully misappropriated cash from QMECT by taking and selling scrap metals belonging to the company, selling them to recyclers and keeping the money.  In doing so, he executed a declaration under penalty of perjury declaring himself to be the owner of the materials and then admitted at trial that he was not.  He did not report that money to the court in the Monthly Operating Report submitted to the bankruptcy court.

During that same case, Mr. Koelling engaged in evidence spoliation by the destruction of a computer that contained evidence requested during the discovery process which evidence Mr. Koelling swore under penalty of perjury did not exist.  He also concealed financial information

during the bankruptcy process telling he court it did not exist when, in fact, it did, as his own employees subsequently testified. Those same employees testified that Mr. Koelling removed those financial records from the company during the bankruptcy process and although he later returned some documents, many important documents were never returned.

Throughout the pendency of the Koellings personal bankruptcy, the instant case, the Koellings received cash, checks and direct payments of expenses from Cyber Chem, a company with which Mr. Koelling did business with only after the Qmect bankruptcy started and the Koellings did not disclose those payments to this Court in their reports to it. To cover his tracks, Mr. Koelling created a series of paper transactions that appeared to be "loans" to Mr. Koelling and purchases of materials that did not actually happen. In deposition testimony, one of the two owners of Cyber Chem testified that Mr. Koelling demanded a personal payment and told Cyber Chem to create a fraudulent invoice for chemicals not purchased by Qmect and Mr. Koelling would have Qmect pay the fraudulent invoice. From this payment, Mr. Koelling demanded that he be paid the amount he originally requested.

At this time, Kids Connection of which Mrs. Koelling is the "Responsible Party" is refusing to abide by a direct Order of Judge Montali in the Kids Connection bankruptcy case. All stays have been lifted or denied, yet Mrs. Koelling continues to refuse to comply with the Court's Order which was effective over 10 days ago. What is really egregious is that the Court's Order is for Kids Connection to pay the final payroll of its employees as required by the Asset Purchase Agreement that was approved by the Court. This refusal to pay as also required by California Labor Code and the Bankruptcy Court has caused great financial harm to the teachers and staff who were owed this money.

Many of these acts constitute bankruptcy fraud and should not be tolerated by this Court. Given that Mrs. Koelling is the Vice Mayor of Foster City, California, the flagrant and

- 4 -
PLAINTIFF'S *AMENDED* MOTION TO DISMISS ADVERSARY PROCEEDING
Case: 08-04204   Doc# 59   Filed: 10/22/09   Entered: 10/22/09 15:47:21   Page 4 of 5

continuing violation of the bankruptcy laws in both the Qmect and personal bankruptcies is exceptionally bad conduct. However, Plaintiff, despite being owed by the Koellings between $3,000,000 and $5,000,000 after all double counting is eliminated, is no longer prepared to financially support the action through which the evidence of same would be submitted to this Court.

**Conclusion**

It no longer makes any economic sense for Plaintiff to pursue its action herein and it, therefore, requests that this Court dismiss Plaintiff's adversary action herein, *with prejudice*, in its entirety.

Dated: Oct. 22, 2009    By:/s/ John W. Howard
　　　　　　　　　　　　　　　John W. Howard
　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　Burlingame Capital Partners II, L.P.